IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK OTIS NELSON,

    Petitioner,                    No. CIV S-07-2207 GEB DAD P

    vs.

WILLIAM BURL CARTER,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                                /

            Petitioner is a state prisoner proceeding pro se with a petition for a writ of mandamus against William Burl Carter who is identified as the attorney who represented petitioner at his criminal trial in the Humboldt County Superior Court in 2000. Petitioner does not challenge the judgment of conviction entered against him in that court. Rather, by way of his petition for a writ of mandamus he seeks an order from this court requiring that all papers in attorney Carter's possession that were used in connection with his trial, described by petitioner as counsel's work product, be turned over to petitioner within fifteen days. Petitioner alleges that he believes the documents he seeks are still in attorney Carter's possession because petitioner's state court appellate counsel informed petitioner that he never received attorney Carter's files. Although appellate counsel informed petitioner that he did not need trial counsel's work product to proceed with his appeal, petitioner argues that he needs his trial counsel's file in order to

1

conduct his own investigation to determine if there are additional claims that he should include in a federal habeas petition he is working on.

The federal mandamus statute under which petitioner is proceeding specifically provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  Thus, mandamus relief is "available to compel a federal official to perform a duty if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998).  It is clear that attorney Carter is not an officer or employee of the United States.  Therefore, 28 U.S.C. § 1361 does not provide this court with jurisdiction to issue the order requested by petitioner.[1]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for issuance of a writ of mandate be denied and this action be dismissed for lack of jurisdiction.

/////

---

[1] Petitioner has outlined the efforts he has undertaken throughout 2007 both with his prior counsel directly, various California courts and the California State Bar in attempting to secure his trial files.  Above, the undersigned concludes that this court lacks jurisdiction over the petition for issuance of a writ of mandate.  However, petitioner has indicated that he has already drafted several claims he intends to present in a federal habeas petition attacking his state court conviction.  Petitioner may elect to now file his federal habeas petition setting forth the already completed claims particularly in light of the fact that the federal habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).  Once a federal habeas petition is filed, petitioner could consider moving the federal court for discovery of his trial counsel's files to allow him to determine whether an amended petition is necessary.  Finally, petitioner is informed that the proper venue in which to file a federal habeas petition is the district in which the state court which entered the judgment of conviction under attack is located.  In this regard, Humboldt County is within the boundaries of the U.S. District Court for the Northern District of California.

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, petitioner may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).

8 DATED: January 3, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12 DAD:4
nels2207.156

3